## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No. _____

THE HANOVER INSURANCE COMPANY, a New Hampshire corporation,

    Plaintiff,

        v.

LAW OFFICE OF JENNIFER S. GORMLEY, PC, a Colorado professional corporation,
JENNIFER GORMLEY,
STEVEN HILL,
CAROL RETSECK LEIRER,
AMBER CRAIG,
SHARON SMITH, and
SKYLER STRAJNA,

    Defendants.

---

### COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION

---

NOW COMES, Plaintiffs, The Hanover Insurance Company ("Hanover"), by and through its attorneys, and for their Complaint for Declaratory Judgment and Rescission against Defendants Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, Amber Craig (collectively, "the Gormley Firm"), Sharon Smith and Skyler Strajna, states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Hanover is a New Hampshire corporation with its principal place of business in Worcester, Massachusetts.

2. Defendant Gormley Firm is a professional corporation organized under the laws of Colorado with its principal place of business in Greenwood Village, Colorado.

3. Defendant Jennifer Gormley is an attorney at the Gormley Firm and is a resident and citizen of the state of Colorado.

4. Defendant Steven Hill is an attorney at the Gormley Firm and is a resident and citizen of the state of Colorado.

5. Defendant Carol Retseck Leirer was an attorney at the Gormley Firm at all relevant times and is a resident and citizen of the state of Colorado.

6. Amber Craig is an attorney at the Gormley Firm and is a resident and citizen of the state of Colorado.

8. Defendant Sharon Smith is a resident and citizen of the state of Colorado.

9. Defendant Skyler Strajna is a resident and citizen of the state of Colorado.

10. Defendants Sharon Smith and Skyler Strajna, through their attorneys, claim damages exceeding $1,000,000 as a result of alleged professional negligence by the Gormley Firm.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 based on diversity of citizenship between the Plaintiff and Defendants, as well as the fact that the amount in controversy exceeds $75,000.

12. Venue is proper in this matter because certain events giving rise to this matter occurred in this judicial district and the Defendants are subject to the personal jurisdiction of this Court. 28 U.S.C.A. §1391.

## II.     FACTUAL BACKGROUND

Smith/Strajna Claim

13. On or about December 15, 2021, counsel for Sharon Smith sent a letter to various attorneys at the Gormley Firm which was characterized as a "Rule 408 Demand" (hereinafter, the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit A**.

14. The Demand Letter (Ex. A) alleges that Sharon Smith and Skyler Strajna were involved in a dispute with Lisa Fleck regarding the assets in the estate of Daniel William Strajna, who was the common law husband of Sharon Smith from 1992 to 2006.

15. The Demand Letter (Ex. A) alleges that Sharon Smith and Skyler Strajna retained the Gormley Firm to represent them in the dispute with Lisa Fleck.

16. The Demand Letter (Ex. A) alleges that the Gormley Firm recommended that Sharon Smith and Skyler Strajna take an elective share under C.R.S. § 15-11-201, *et seq.*

17. The Demand Letter (Ex. A) alleges that despite such advice to elect the elective share, the Gormley Firm did not file for the elective share immediately and did not seek an extension.

18. The Demand Letter (Ex. A) alleges that the Gormley Firm did not file the appropriate notice to elect the elective share until December 11, 2020, which was too late.

19. The Demand Letter (Ex. A) alleges that on January 4, 2021, after Lisa Fleck objected to the untimely election, the Gormley Firm "recognized its error" and filed a "Motion for Extraordinary Equitable Relief from Time Limit." A true and correct copy of the Motion for Extraordinary Equitable Relief from Time Limit is attached hereto and incorporated herein as **Exhibit B**.

20. In the Motion for Extraordinary Equitable Relief from Time Limit (Ex. B), the Gormley Firm stated that it had "inadvertently misconstrued the time-limit for proceeding for elective share," that it "could have filed [but did not] for extension of time pursuant to C.R.S. § 15-11-211(2) prior to September 31 [sic], 2020," and that its failure to do so was "excusable neglect."

21. On April 19, 2021, the court in the probate litigation issued an "Order Regarding the Motion for Extraordinary Equitable Relief from Time Limit." A true and correct copy of said Order is attached hereto and incorporated herein as **Exhibit C**.

22. The court stated in the Order (Ex. C): "If the spouse makes an election by filing a petition for the elective share *more than nine months after the decedent's death*, the decedent's no probate transfers to others are not included within the augmented estate." Thus, even acknowledging [the Gormley Firm's] misreading of subsections (1) and (2), the Court finds no ambiguity or excuse related to the triggering event for subsection (3), namely Decedent's death. Accordingly, the Court will toll the deadline for filing of the election, but pursuant to the plain language of § 15-11-211(3), orders that nonprobate assets, including those made to Ms. Fleck, shall not be included in the augmented estate."

23. The Demand Letter (Ex. A) alleges that after the Order (Ex. C) was issued, the Gormley Firm did not advise Sharon Smith and Skyler Strajna of the consequences of the Gormley Firm's failure to act timely, but instead sought to minimize the effect of their negligence.

24. The Demand Letter (Ex. A) alleges that ultimately, Sharon Smith and Skyler Strajna settled their claims with Lisa Fleck, agreeing that Ms. Fleck would be paid an additional $135,000.00 from the remaining probate estate assets, that the civil theft claims would not be part

of the probate estate and therefore lost to acquiescence, and that Ms. Fleck would keep the dog that she purchased with the money stolen from the estate.

25. The Demand Letter (Ex. A) alleges that Sharon Smith was unable to recover one half of the augmented estate, whose value was greatly decreased by the Gormley Firm's failure to pursue civil theft claims against Lisa Fleck.

26. The Demand Letter (Ex. A), demanded that the Gormley Firm pay $1,085,261.11 to settle the legal malpractice claim.

Insurance Applications to Hanover

27. The Gormley Firm submitted a Hanover Lawyers Advantage Renewal Application ("Renewal Application") to Hanover, dated July 7, 2021.  A true and correct copy of the Renewal Application is attached as **Exhibit D**.

28. The Renewal Application (Ex. D) included the following questions, to which the Gormley Firm answered "No":

> 14. Since completion of the last application, has any professional liability claim or suit ever been made against the **Firm**, and **Predecessor Firm**, or any of the **Firm's** or any **Predecessor Firm's** current or former professional staff?
>
> 15. Do any of **You** know of any incident, negligent act, error or omission, or other circumstance that could result in a claim or suit against the **Firm** or any **Predecessor Firm** or any of the **Firm's** or any **Predecessor Firm's** current or former professional staff?

29. The Renewal Application (Ex. D) included the following exclusion following the above-quoted questions:

> **IMPORTANT**: Without prejudice to any of **Our** other rights and remedies, all of **You** understand and agree that if any such fact, circumstance or situation exists, which is not disclosed in response to the questions above, any claim or action arising from such fact, circumstance or situation is excluded from coverage under the proposed policy.

Hanover Policy

30. Hanover issued a Lawyers Advantage Professional Liability Insurance policy, No. LH4 H060310 (the "Hanover Policy"), to the Gormley Firm for the policy period of September 30, 2021 to September 30, 2022. A true and correct copy of the Hanover Policy is attached as **Exhibit E**.

31. The Hanover Policy (Ex. E) contains, in part, the following coverage provisions:

  1. Professional Services Coverage

     **We** will pay on **Your** behalf those sums which **You** become legally obligated to pay as **Damages** because of any **Claim** made against **You** for a **Wrongful Act**.

  \*\*\*

  4. Additional Requirements

     The following additional requirements and limitations shall apply to coverage provided under A.1., A.2., and A.3. above:

     a. The **Wrongful Act** and **Professional Services** must have first occurred on or after the applicable **Retroactive Date(s)**;

     b. None of **You** had knowledge of a **Wrongful Act**, or any facts or other circumstances, which may reasonably give rise to a **Claim** or **Supplemental Coverage Matter**, or knowledge of any **Claim** or **Supplemental Coverage Matter**, prior to the inception date of this **Policy**; and

     c. The **Claim** or **Supplemental Coverage Matter** must first be made and reported to **Us** in writing during the **Policy Period** or any applicable **Extended Reporting Period**.

32. The Hanover Policy (Ex. E) provides, in **B. DEFENSE AND SETTLEMENT**: "If a **Claim** is not covered under this **Policy**, **We** will have no duty to defend it.

33. The Hanover Policy (Ex. E) contains the following definition of "Wrongful Act":

     **Wrongful Act** and **Wrongful Acts** mean any actual or alleged negligent act, error, omission, misstatement, or **Personal Injury** in the rendering or

failure to render **Your Professional Services**. When a **Claim** is based upon or arises out of more than one **Wrongful Act**, the date of all such **Wrongful Acts** shall be deemed to be the date of the first such **Wrongful Act**, whether prior to or during the **Policy Period**.

34. The Hanover Policy (Ex. E) contains the following condition:

   **H.  CONDITIONS**

   2. <u>Representations and Application</u>

      By accepting this **Policy**, all of **You** agree that:

      a. The statements in the Declarations are accurate and complete;

      b. Those statements are based on representations **You** made to **Us** in **Your** application for this insurance **Policy**, or to **Us** for a policy of which this **Policy** is a renewal or replacement;

      c. The representations made in **Your** application are the basis of this **Policy** and are to be considered as incorporated into and constituting a part of this **Policy**;

      d. Those representations are material to the acceptance of the risk **We** assumed under this **Policy**; and

      e. **We** have issued this **Policy** in reliance upon the accuracy and completeness of such representations.

<u>Hanover's Defense Pursuant to a Reservation of Rights</u>

35. Hanover has agreed to defend, and is defending, the Gormley Firm pursuant to a full reservation of rights under the Hanover Policy and the applicable law.

**COUNT I**
**Declaratory Judgment**
**(No Duty to Defend – Prior Knowledge Provision in Hanover Policy)**

36. Hanover adopts and incorporates by reference paragraphs 1-35, as though fully set forth herein as this paragraph 36.

37. The Hanover Policy provides coverage under the "Professional Services Coverage" only if no insured had knowledge of a **Wrongful Act**, or any facts or other circumstances, which may reasonably give rise to a **Claim** or **Supplemental Coverage Matter**, or knowledge of any **Claim** or **Supplemental Coverage Matter**, prior to the inception date of the Hanover Policy.

38. Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and/or Amber Craig knew on or before January 4, 2021 that it had neglected to file either a Petition for Elective Share or a motion for an extension of time to file such a Petition in the probate litigation regarding the Estate of Daniel Strajna within the statutory deadline – September 30, 2020, or nine months after the death of Daniel Strajna on December 31, 2019.

39. As a result of the Order Regarding the Motion for Extraordinary Relief from Time Limit (Ex. C), Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and/or Amber Craig knew on April 19, 2021 that their failure to file a Petition for Elective Share or a motion for extension of time within the statutory time limit resulted in nonprobate assets being excluded from the augmented estate of Daniel Strajna, thereby depriving their clients the ability to recover substantial assets in the probate litigation.

40. Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and/or Amber Craig had knowledge of a **Wrongful Act**, or any facts or other circumstances, which may reasonably give rise to a **Claim** prior to the inception of the Hanover Policy.

41. The claim by Sharon Smith and Skyler Strajna is outside the scope of the coverage of the Hanover Policy.

42. Hanover has no duty to defend or indemnify Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and Amber Craig for the claim by Sharon Smith and Skyler Strajna.

WHEREFORE, Hanover prays that this Honorable Court find and declare that Hanover has no duty to defend or indemnify Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and/or Amber Craig for the claim by Sharon Smith and Skyler Strajna under the Hanover Policy and grant Plaintiff any other relief that this Court deems just and proper, including fees and costs.

**COUNT II**
**Declaratory Judgment**
**(No Duty to Defend – Prior Knowledge Exclusion in Renewal Application)**

43. Hanover adopts and incorporates by reference paragraphs 1-42, as though fully set forth herein as this paragraph 43.

44. The Renewal Application for the Hanover Policy provides that if any fact, circumstance or situation exists, which is not disclosed in response to Questions 14-17 of the Renewal Application, any claim or action arising from such fact, circumstance or situation is excluded from coverage under the Hanover Policy.

45. Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and/or Amber Craig knew on or before January 4, 2021 that it had neglected to file either a Petition for Elective Share or a motion for an extension of time to file such a Petition in the probate litigation regarding the Estate of Daniel Strajna within the statutory deadline – September 30, 2020, or nine months after the death of Daniel Strajna on December 31, 2019.

46. As a result of the Order Regarding the Motion for Extraordinary Relief from Time Limit (Ex. C), Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol

Retseck Leirer, and/or Amber Craig knew on April 19, 2021 that their failure to file a Petition for Elective Share or a motion for extension of time within the statutory time limit resulted in nonprobate assets being excluded from the augmented estate of Daniel Strajna, thereby depriving their clients the ability to recover substantial assets in the probate litigation.

47. Because the Gormley Firm failed to disclose in the Renewal Application its failure to file either a Petition for Elective Share or a motion for an extension of time to file such a Petition in the probate litigation regarding the Estate of Daniel Strajna within the statutory deadline – September 30, 2020, or nine months after the death of Daniel Strajna on December 31, 2019 – which had resulted in its clients being deprived of the ability to recover substantial assets in the probate litigation, the prior knowledge exclusion in the Renewal Application excludes coverage for the claim by Sharon Smith and Skyler Strajna.

48. Hanover has no duty to defend or indemnify Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and Amber Craig for the claim by Sharon Smith and Skyler Strajna.

WHEREFORE, Hanover prays that this Honorable Court find and declare that Hanover has no duty to defend or indemnify Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and/or Amber Craig for the claim by Sharon Smith and Skyler Strajna under the Hanover Policy and grant Plaintiff any other relief that this Court deems just and proper, including fees and costs.

**COUNT III**
**(Reimbursement of Amounts Paid by Hanover for Defense and Indemnity)**

49. Hanover adopts and incorporates by reference paragraphs 1-48, as though fully set forth herein as this paragraph 49.

50. For the reasons set forth in Count I and/or Count II, the Hanover Policy does not provide a duty to defend or indemnify the claim by Sharon Smith and Skyler Strajna against Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and Amber Craig.

51. Hanover is entitled to reimbursement of any and all amounts it has paid for the defense and/or indemnification of Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and/or Amber Craig with respect to the claim by Sharon Smith and Sklyler Strajna.

WHEREFORE, Hanover prays that this Honorable Court order that Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and Amber Craig reimburse all amounts paid by Hanover for their defense and indemnification of the claim by Sharon Smith and Skyler Strajna.

## COUNT IV
### Rescission

52. Hanover adopts and incorporates by reference paragraphs 1-51, as though fully set forth herein as this paragraph 52.

53. The Renewal Application asked the Gormley Firm whether it knew of any incident, negligent act, error or omission, or other circumstance that could result in a claim or suit against the firm or any of its former or current professional staff, and the Gormley Firm answered "No".

54. The answer in the Renewal Application that the Gormley Firm did not know of any incident, negligent act, error or omission, or other circumstance that could result in a claim or suit against the firm or any of its former or current professional staff was a false statement or concealment of fact.

55. The Gormley Firm's false statement of fact or concealed fact materially affected Hanover's acceptance of the risk and/or the hazard assumed by Hanover.

56. Hanover was ignorant of the false statement of fact or concealment of fact by the Gormley Firm in the Renewal Application and is not chargeable with knowledge of the fact.

57. Hanover relied, to its detriment, on the false statement of fact or concealment of fact in issuing the Hanover Policy.

58. Hanover will return all premiums paid by Law Firm of Jennifer S. Gormley, PC for the Hanover Policy upon a a judgment that the Hanover Policy is rescinded.

59. The Hanover Policy should be rescinded and declared void ab initio due to the Gormley Firm's misrepresentations.

60. Upon rescission, Hanover is entitled to reimbursement of all amounts it has paid by reason of the Hanover Policy, including but not limited to any amounts paid for the defense and indemnification of Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and Amber Craig of the claim by Sharon Smith and Skyler Strajna.

WHEREFORE, Hanover prays that this Honorable Court:

A. Find and declare that the Hanover Policy is rescinded and is void ab initio;

B. Order that Law Office of Jennifer S. Gormley, PC, Jennifer Gormley, Steven Hill, Carol Retseck Leirer, and Amber Craig reimburse Hanover for any and all amounts paid by Hanover pursuant to the Hanover Policy, including but not limited to any amounts paid for their defense and indemnification of the claim by Sharon Smith and Skyler Strajna; and

C. Grant Plaintiff any other relief that this Court deems just and proper, including fees and costs.

DATED: March 30, 2022              *s/ Ryan C. Gill*
                                   Ryan C. Gill
                                   Lewis Brisbois Bisgaard & Smith LLP
                                   1700 Lincoln Street, Suite 4000
                                   Denver, Colorado 80203
                                   Phone: 303.861.7760
                                   Ryan.Gill@lewisbrisbois.com
                                   *Attorneys for Plaintiff The Hanover*
                                   *Insurance Company*