| | |
|---|---|
| DISTRICT COURT<br>DOUGLAS COUNTY, COLORADO<br>4000 Justice Way<br>Castle Rock, Colorado 80109 | |
| **In re the Estate of:**<br><br>**DANIEL WILLIAM STRAJNA,**<br><br>**Deceased** | **COURT USE ONLY** |
| Jennifer S. Gormley, Reg. #26808<br>Steven L. Hill, Reg. # 35625<br>Carol Retseck Leirer, Reg. # 31401<br>Amber R. Craig, Reg. #55501<br>Law Office of Jennifer S. Gormley, P.C.<br>Attorneys for Interested Persons:<br>Skyler Strajna and Sharon Smith<br>6060 Greenwood Plaza Boulevard, Suite 300<br>Greenwood Village, CO 80111<br>Phone Number: 303-783-9600<br>Email: Jennifer@elderlawsource.com<br>Email: Steven@elderlawsource.com<br>Email: Carol@elderlawsource.com<br>Email: Amber@elderlawsource.com | Case Number: 2020PR30321<br><br>Division: C |
| **MOTION FOR EXTRAORDINARY EQUITABLE RELIEF FROM TIME LIMIT** | |

**COME NOW**, Interested Persons Skyler Strajna and Sharon Smith, by and through their legal counsel, Carol Retseck Leirer, of the Law Office of Jennifer S. Gormley, P.C. and respectfully submit this *Motion for Extraordinary Equitable Relief from Time Limit*. As grounds therefore, they state as follows:

### DUTY TO CONFER

Undersigned counsel was not able to confer with attorney Lee Katherine Goldstein due to the timing of filing this motion contemporaneously with their Reply in Support of Petition for Elective Share. Due to Petitioner's untimeliness argument in her Objection to the Petition for Elective Share, counsel believes Petitioner opposes this motion.

## RELEVANT BACKGROUND

1. Daniel William Strajna ("Decedent") died on December 31, 2019.

2. On July 23, 2020, this action was commenced by Lisa Fleck ("Petitioner") with the filing of an *Application for Informal Appointment of Personal Representative* ("Application").

3. On the same day, approximately forty minutes after Petitioner's filing, Interested Person, Skyler Strajna, filed a *Petition for Adjudication of Intestacy and Formal Appointment for Personal Representative* ("Petition") in case number 2020PR69.

4. Petitioner was appointed as Personal Representative of Decedent's Estate on July 27, 2020.

5. On August 10, 2020, this Court issued an Order consolidating case numbers 2020PR30321 and 2020PR69. In addition, the Court stated:

> It appears that the 2020PR69 case was filed a Formal Proceeding, therefore this case's designation will be changed to Intestate Formal … The Court will take the filing of two cases at nearly the same time as indicating the matter may be contested as the informal proceeding appears to be filed by a spouse and the formal proceeding was filed by a son without listing the spouse.

6. On August 24, 2020, Interested Persons filed their *Motion to Vacate Order for Informal Appointment of Personal Representative and to Set Hearing (Motion to Vacate)*.

7. On September 9, 2020, Interested Persons filed their *Amended Petition for Adjudication of Intestacy and Formal Appointment of Personal Representative*.

8. The *Motion to Vacate* was not ruled upon by the Court until September 21, 2020 staying the proceeding for appointment of a personal representative and ordering the parties to set a status conference within 30 days to discuss the setting of a contested hearing.

9. Interested Person, Sharon Smith and Petitioner, Lisa Fleck have asserted, in their separate pleadings, that they are common-law spouses of the Decedent and they are seeking appointment as Personal Representative.

10. At the outset of this case, there was clearly confusion as to who would act as personal representative since two cases were opened in Douglas County.

11. In November, the parties were able to reach a stipulation for appointment of a special administrator in order to marshal and account for the Decedent's Estate assets. Stephanie Lambert of Baysore & Christian Fiduciary Services is in the process of investigating the assets.

12. The Parties were scheduled for Mediation with Judge Ann Frick on December 11, 2020. Because the Special Administrator had just begun the task of marshalling Estate assets, the parties agreed that mediation would be more fruitful if they had information regarding Estate assets. Therefore, the mediation was rescheduled for January 8, 2021.

13. A pretrial conference is scheduled for January 15, 2021.

14. A trial on the common law marriage claims is scheduled for February 11-12, 2021 (trailing) or April 28-29, 2021 (firm).

15. On December 11, 2020, Sharon Smith filed her *Request for Family Allowance and Exempt Property Pursuant to C.R.S. §15-11-403 and C.R.S. §15-14-404;* and on the same day filed her *Verified Petition for Elective Share.*

16. On December 18, 2020, Lisa Fleck filed *Objection to Request for Family Allowance and Exempt Property Pursuant to C.R.S. §15-11-403 and C.R.S. §15-14-404;* and on the same day she filed her *Objection to Verified Petition for Elective Share.*

17. This *Motion for Extraordinary Equitable Relief from Time Limit* is filed contemporaneously with the Replies to both Objections.

## RELEVANT FACTS RELATED TO THE TIME LIMIT

18. Initially, when counsel was retained by Interested Persons, counsel was informed that the Court had opened separate probate cases, one based on the Application for Informal Probate filed by Lisa Fleck, and the other based on Skylar Strajna's Petition for Adjudication of Intestacy. Coupled by the confusion caused by two probate estates being opened, the case was further complicated by two claims of common law marriage, one by Sharon Smith and the other by Lisa Fleck. In addition, Lisa Fleck reported that there was a will and Interested Person was informed it would be filed. Documents provided by opposing counsel on November 6, 2020 included a document entitled "handwritten will".

19. Counsel was unable to confirm until November 6, 2020 when Ms. Fleck's counsel provided what they termed a "handwritten will" did not meet the requirements to be a will in Colorado. It turned out to be a scrap of paper with someone's handwriting listing some assets. It was not dated or signed.

20. Upon being retained, Counsel promptly reviewed the pleadings and orders in both probate estates, reviewed the law regarding informal and formal probate administration, statutes and case law regarding the inadvertent opening of multiple probate estates for the same decedent, common law marriage, testate and intestate, family allowance, exempt property, spousal rights and the elective share.

21. In this process, Counsel inadvertently misconstrued the time-limit for proceeding for elective share by determining that the statute provided that the election must be made by filing in the court and mailing or delivering to the personal representative, if any, a petition for elective share within nine months after the date of the decedent's death or within six months after the probate of the decedent's **estate**, whichever limitation later expires.

22. The statute, C.R.S. § 15-11-211, does not provide "within six months after the probate of the decedent's estate"; it states instead, "within six months after the probate of the decedent's **will**" (C.R.S. § 15-11-211).

23. Counsel would have filed a motion for extension of time prior to September 30, 2020, however the error of inadvertently noting that the deadline would happen either after the will was filed by Ms. Fleck as expected, or six months after the probate estate was opened.

24. The probate estate(s) were opened on July 24, 2020, therefore, the six-month deadline was scheduled to expire on or about January 24, 2021.

25. Counsel filed the Petition for Elective Share on December 11, 2020.

26. Counsel seeks leave of this Court to grant an extension of time to file the Petition for Elective Share on December 11, 2020 because of Counsel's excusable neglect.

### ANALYSIS AND ARGUMENT

27. Petitioner has been aware of Interested Person, Sharon Smith's common law surviving spouse claim for some time. Since there has been no ruling yet as to that claim, there is no harm in retroactively extending the deadline to file the Petition for Elective Share. There is no prejudice to Petitioner as it is still unclear what the probate and non-probate assets are, how they are titled and identification of beneficiary designations.

28. Counsel's failure to file a Motion for Extension of Time pursuant to C.R.S. § 15-11-211 was excusable neglect under the facts of this case. Excusable neglect is a situation where the failure to act results from circumstances that would cause a reasonably careful person to neglect a duty. People ex. rel. M.A.M. 167 P.3d 169 (Colo. App. 2007).

29. The criteria for the Court to determine what constitutes excusable neglect is set forth in Craig v. Ryder, a probate default judgment case. The criteria include: "1) whether the neglect that results in

entry of judgment by default is excusable; 2) whether the moving party has alleged a meritorious defense; and 3) whether relief from the challenged order would be consistent with equitable considerations such as protection of action taken in reliance on the order and prevention of prejudice by reason of evidence lost or impaired by the passage of time." Craig v. Ryder, 651 P.2d 397 (Colo. 1982).

30. The Craig test contemplates an evidentiary hearing, at which the plaintiff may present additional evidence related to the three Craig factors. Taylor v. HCA-HealthONE LLC, 417 P.3d 943 (Colo. App. 2018).

31. "Excusable neglect has a "flexible meaning" and a proper analysis requires "consideration of the reasons for the neglect and the surrounding circumstances" *Id.* (citing Goodman Assocs., LLC v. WP Mountain Props., LLC, 222 P.3d at 310 at 322 (Colo. 2010).

32. Counsel's delay in filing for an extension was an inadvertent mistake and is excusable neglect and should not be attributable to the client.

33. If the Court finds counsel's misreading and interpretation of the statute inexcusable, the Court should still not punish the innocent surviving spouse.

34. Admittedly, counsel could have filed for extension of time pursuant to C.R.S. § 15-11-211(2) prior to September 31, 2020. Had such a motion been filed, we believe the Court would have found good cause for such an extension due to the issues in this case: determining who is, in fact, the common law surviving spouse of Decedent, if anyone, and the need for someone to marshal the assets of the Estate. In addition, it is still unknown what assets Decedent had at the time of his death and what, if any, large gifts he made during the last two years of his life to determine what notice should be given under the statute for returning these assets to the Estate.

35. Lisa Fleck will not be prejudiced by allowing counsel an extension of time of approximately two months. We are barely a year past the date of Decedent's death. The main issues in the case are what are the Estate assets and what assets are probate versus non-probate assets and/or transfers by Decedent to a third party needed to pay the surviving spouse's elective share.

36. There has not been a factual determination of whether Lisa Fleck or Sharon Smith were Decedent's common law spouse. At this point in the case, no one knows who is going to be entitled to what from the Estate.

37. Interested Person is confident she will be meritorious in this action and entitled to the elective share. Although Petitioner in both her Objection to Petition for Elective Share and Objection to Request for Family Allowance and Exempt Property has alleged that Interested Person will not be able to prove she is the common law surviving spouse. As stated in the Replies filed in this case, Interested Person has ample evidence of marriage, including affidavits, tax return evidence of being married filing jointly, and legal documents that name Deceased and Interested Person as husband and wife.

38. The purpose of the time limits in the statute is so that owners of Estate assets can be put on notice of the surviving spouse's claim for elective share. Since all of the owners have not even been identified yet by the Special Administrator, there is no prejudice there either.

39. If there, in fact, is a will to probate, the time limit for the elective share would not have even started yet.

40. Here, the goal of justice is to protect the surviving spouse's rights to a Decedent's estate.

41. If Sharon Smith is not found to be the surviving spouse and it is determined that Lisa Fleck is the surviving spouse, she would also be time barred regarding the elective share. She would also be beyond the statutory time limit for the request for family allowance and exempt property.

42. This is why the Court, in equity, should find the statutory time limit tolled until the identity of the surviving spouse is determined.

43. "The obvious purpose of the statute is to assure timely notice to the court, to those in charge of the administration of the estate, and to all persons interested therein…[w]e are unable logically to perceive the difference in efficacy as notice between an election filed in the probate proceedings before the admission of the will and one filed afterwards within the limitation period." Estate of Stitzer v. Stitzer, 87 P.2d 745 (Colo. 1939).

44. Stitzer goes on to discuss that "any election is contingent on the establishment of the ultimate validity of the will, which in some cases…may be subject to contest as late as a year after it is admitted to probate, which might well be long after the time for filing statutory election had expired, even if the limitation period was computed from the date of admission of the will." Id at 535.

45. "The Probate Code recognizes the unique nature of the marital relationship, and its **elective-share** provisions are intended to put the decedent's spouse in a privileged position, with greater rights than residual beneficiaries. Yet, the Probate Code cannot anticipate every possible scenario, and for that reason, the statute reserves the probate court's traditional equitable authority. Beren v. Beren, 349 P.3d 233 (Colo. 2015).

46. "Setting aside a dismissal order is, at its core, an equitable decision. The goal is to promote substantial justice." Taylor v. HCA-HealthONE LLC, 417 P.3d 943 at 953 (Colo. App. 2018).

47. Here, we have a situation that is unique in that there are two persons claiming that they are the common law surviving spouse. This case is an exceptional one where failure to invoke equity would lead to injustice.

48. The tolling of a statute of limitation will either delay the start of the limitations period or suspend the running of the limitations period if the accrual date has passed. Courts apply the doctrine of equitable tolling when flexibility is required to accomplish the goals of justice. Shell Western E&P v. Dolores County Bd. Of Comm'rs, 948 P.2d 1002 (Colo. 1997).

WHEREFORE, Interested Persons respectfully request an evidentiary hearing pursuant to Craig v. Ryder, for an extension of the time limit set forth in C.R.S. § 15-11-211, and for any other relief deemed appropriate and just.

Respectfully submitted on January 4, 2021

/s/Carol Retseck Leirer

Carol Retseck Leirer, # 31401
Attorney for Interested Persons
Skyler Strajna and Sharon Smith

## CERTIFICATE OF SERVICE

I certify that on January 4, 2021 a copy of this **MOTION FOR EXTRAORDINARY RELIEF FROM TIME LIMIT** was served on each of the following:

Lisa Fleck, Personal Representative         Via CCE
c/o Lee Katherine Goldstein, Esq.
Fairfield and Woods, P.C.
1801 California Street, # 2600
Denver, Colorado 80202

/s/ Carol Retseck Leirer
Law Office of Jennifer s. Gormley, P.C.