| | |
|---|---|
| DISTRICT COURT<br>DOUGLAS COUNTY, COLORADO<br>4000 Justice Way<br>Castle Rock, CO 80109 | DATE FILED: April 19, 2021 10:11 PM<br>CASE NUMBER: 2020PR30321 |
| **In the Matter of:**<br><br>**Daniel William Strajna,**<br><br>**Deceased** | ▲ **COURT USE ONLY** ▲<br><br>**Case Number**: 2020PR30321<br><br>**Division**: C |
| **ORDER REGARDING THE MOTION FOR EXTRAORDINARY EQUITABLE RELIEF FROM TIME LIMIT** | |

THIS MATTER comes before the Court on Interested Persons', Skyler Strajna ("Mr. Strajna") and Sharon Smith ("Ms. Smith") (collectively, "Interested Persons"), Motion for Extraordinary Equitable Relief from Time Limit ("Motion"), filed January 4, 2021. Opposing Interested Person, Lisa Fleck ("Ms. Fleck"), filed a Response in Opposition to Motion for Extraordinary Equitable Relief from Time Limit ("Response"), on March 10, 2021. Interested Persons then filed a Reply in Support of Motion for Extraordinary Equitable Relief from Time Limit ("Reply"), on March 24, 2021. The Court has reviewed the Motion, Response, Reply, the case file, and relevant law. Being fully advised, the Court finds, concludes, and orders as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

The Decedent, Daniel William Strajna ("Decedent"), died on December 31, 2019. Ms. Fleck initiated these proceedings with the filing of an Application for Informal Appointment of Personal Representative on July 23, 2020. The same day, Mr. Strajna filed a Petition for Adjudication of Intestacy and Formal Appointment for Personal Representative in Douglas County

GS 002358

Case 2020PR69. The Court appointed Ms. Fleck as Personal Representative for Decedent's estate on July 27, 2020. Making findings that the parties contested probate of Decedent's estate, the Court consolidated the two open cases into case number 2020PR30321. In November 2020, the parties stipulated to the appointment of a neutral Special Administrator to investigate and marshal Decedent's assets. The crucial issue for resolution before the Court are Ms. Fleck's and Ms. Smith's competing assertions that they are Decedent's common-law surviving spouses.

In the Motion, counsel for Interested Persons highlights the confusion resulting from competing estate cases and multiple claims of common law marriage. In addition, the Motion asserts that Ms. Fleck initially indicated the existence of a valid will, signed by Decedent. Upon further investigation, Interested Persons' counsel claims, the purported Will did not meet the requirements to be a valid testamentary document in Colorado. Moreover, counsel asserts that she inadvertently misread the relevant statutory time limit for petitioning the Court for an elective share, believing that the election had to be made within six months of the *probate of the estate*, instead of within six months of the probate of *Decedent's will*, as required by statute. Based on these circumstances, counsel argues, she incorrectly calculated the relevant six-month deadline from the opening of the estate cases to be January 24, 2021, an error where, as here, Decedent did not have a valid will. Interested Persons thus request that the Court, based on counsel's excusable neglect, grant an extension of time and accept the December 11, 2020 filing of the Petition for Elective Share.

Specifically, Interested Persons assert, as the Court has not yet ruled on the issue of the competing claims of common law marriage or determined the estate's probate and non-probate assets, Ms. Fleck will not be prejudiced by the retroactive extension. In fact, Interested Persons emphasize, the Special Administrator has yet to complete her investigation and inventory of the

GS 002359

estate. Further, counsel argues, if the Court finds the misapplication of the statute inexcusable, the innocent surviving spouse should not suffer for her error. Similarly, Interested Persons assert that the competing claims of common law marriage render this case exceptional and failure to provide the requested relief would result in injustice. Therefore, Interested Persons request that the Court toll the statutory time limit pending resolution of Decedent's surviving spouse.

In Response, Ms. Fleck first objects to Interested Persons' argument that there was confusion as to the existence of a will, arguing that all parties knew the handwritten document in question did not meet Colorado's statutory requirements. Next, Ms. Fleck argues that, as an alleged surviving spouse, the relevant statute required Ms. Smith to file her election no later than September 30, 2020, and that, in the absence of a timely request for an extension, the Court should deny the Motion. In addition, Ms. Fleck argues that the Motion fails to meet the high burden for the Court to impose equitable tolling of the statutory deadline. Given Ms. Smith's knowledge of the competing surviving spouse claim, Ms. Fleck argues, she failed to act diligently and in good faith to pursue her claims and should be denied the requested relief.

Moreover, Ms. Fleck asserts that she did not engage in any wrongdoing which would have prevented Interested Persons from timely filing their election and that she will be significantly prejudiced by tolling the deadline as her litigation strategy has proceeded under the assumption that the election was untimely. Finally, Ms. Fleck argues, even if the Court tolls the relevant statute of limitations pending resolution of the surviving spouse issue, it should bar the inclusion of Decedent's non-probate transfers in the augmented estate.

## RELEVANT LAW

Pursuant to Colorado Revised Statutes § 15-11-211(1), a surviving spouse must file a petition for elective share "within nine months after the date of the decedent's death or within six

GS 002360

months after the probate of the decedent's will, whichever limitation later expires." In addition, "[w]ithin nine months after the decedent's death, the surviving spouse may petition the court for an extension of time for making an election." § 15-11-211(2), C.R.S. "If the spouse makes an election by filing a petition for the elective share more than nine months after the decedent's death, the decedent's nonprobate transfers to others are not included within the augmented estate." § 15-11-211(3), C.R.S.

The Colorado Supreme Court has held, however, that "the Probate Code cannot anticipate every possible scenario, and…reserves the probate court's traditional equitable authority." *Beren v. Beren*, 349 P.3d 233 (Colo. 2015). A party claiming the benefit of equitable tolling of a statute of limitations bears the burden of demonstrating that equitable tolling should apply. *See Olson v. Federal Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004). Equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Baldwin Cnty. Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).

## ANALYSIS

First, the Court finds that Interested Persons concede that the Petition for Elective Share, filed December 11, 2020, was untimely pursuant to the clear language of § 15-11-211(1) and (2). Accordingly, the issue before the Court is the appropriateness of Interested Persons' request to equitably toll the deadline given the circumstances. The Court finds the parties' opening of multiple cases, as well as the competing claims of common law marriage, present unusual issues. This is to say nothing of the delay in the investigation and inventory of Decedent's estate prior to the parties' stipulation to a Special Administrator. Acknowledging Ms. Fleck's understandable frustration, and the significant error made by Interested Persons' counsel, the Court finds that the

GS 002361

Colorado Probate Code permits it to consider principles of equity in ruling on the Motion, and that to deny the requested relief would result in unacceptable injustice to Ms. Smith. This is particularly true in light of the fact that the Court has yet to determine which party will prevail as Decedent's surviving spouse, a ruling which will have significant effects on the distribution of Decedent's estate assets. The Court does not go so far as to agree that Ms. Fleck will suffer no prejudice from this ruling, but finds that, given the current posture of this case, equity requires tolling the § 15-11-211 deadline pending resolution of the surviving spouse issue and the Special Administrator's investigation of Decedent's assets.

The Court agrees with Ms. Fleck, however, that § 15-11-211(3) makes no mention of either the probate of Decedent's estate or the probate of a will as a triggering event for application of its deadline. Instead, this provision clearly states that, If the spouse makes an election by filing a petition for the elective share *more than nine months after the decedent's death*, the decedent's nonprobate transfers to others are not included within the augmented estate." Thus, even acknowledging Interested Persons' counsel's misreading of subsections (1) and (2), the Court finds no ambiguity or excuse related to the triggering event for subsection (3), namely Decedent's death. Accordingly, the Court will toll the deadline for filing of the election, but pursuant to the plain language of § 15-11-211(3), orders that nonprobate assets, including those made to Ms. Fleck, shall not be included in the augmented estate.

## CONCLUSION

Based upon the foregoing, Interested Persons' Motion for Extraordinary Equitable Relief from Time Limit, filed January 4, 2021 is **GRANTED IN PART**.

GS 002362

SO ORDERED THIS April 19, 2021.

*[signature]*

District Court Judge

6

GS 002363